C. F. GRAY, Guardian, etc., *v.* JOSEPH BARNARD, *et al.*

1. JURISDICTION. *Sale of property of persons under disability.* Land was conveyed to a trustee in trust for the grantor's wife, and, at her death in the event which has happened, for his own use during life, and at his death for the use of such child or children, or the children of such child or children as may be then living; the wife died, leaving the grantor surviving, and one daughter, who has married and has one child. Upon application, under the provision of the Code, for the sale of this land, and re-investment of the proceeds for the benefit of the daughter and child, the grantor being a party, and consenting, the Court, upon demurrer of infant by guardian *ad litem,*

*Held,* That it had jurisdiction to order the sale.

See Cooper's Tennessee Chancery Reports, pages 298 and 306.

FROM DAVIDSON.

Appeal from the Chancery Court. W. F. COOPER, Chancellor.

DEMOSS & MALONE for Gray.

EDWARD H. EAST for Barnard *et al.*

NICHOLSON, C. J., delivered the opinion of the Court.

This is an application to the Chancery Court at Nashville, for the sale, for re-investment of the proceeds, of a lot situated at the corner of Church and Spruce streets, in the City of Nashville. The proceeding is under the chapter of the Code, which provides for the sale of the property of persons under disability.

The lot was conveyed by Joseph Barnard, in November, 1850, to Wm. H. Smith, in trust, for " the sole and separate use and benefit of Susan Barnard, wife of Joseph Barnard, with power, on her part, to dispose of the same by deed or will, and in the event of her dying without having made such disposition, then, at the death of Joseph Barnard, to such child or children, or the child or children of such child or children, as may be then living."

Susan Barnard died several years since, without having disposed of the lot, leaving surviving, Joseph Barnard, her husband, and one child, Mattie Gray. The daughter intermarried with complainant, and George H. Gray, an infant of tender years, is the sole issue of the marriage. These are all the parties in being who have an interest in the property, including such as have a common interest with those who may come into being, and they are all regularly before the Court.

C. F. Gray, Guardian, etc., *v.* Joseph Barnard, *et al.*

Upon the hearing of the cause upon bill, amended bill, demurrer, answer, exhibits and proof, Chancellor Cooper held, in an able and elaborate opinion, that the Chancery Court had jurisdiction of the case, and that the proof was sufficient to entitle the parties to the relief prayed for, and he decreed accordingly.

The cause is in this Court by writ of error. All the questions of law arising in this case were determined by this Court at the present Term, in the case of *Ensley Williams* v. *Williams, et al.*, in accordance with the holding of the Chancellor in the present case.

Upon examination of the proof, we are satisfied, that it is of the character required by the Statute to authorize a sale for re-investment of the proceeds.

The decree is, therefore, affirmed, and the cause remanded for further proceedings in execution of the decree. The costs of this Court will be paid by Joseph Barnard and his surety.